O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DERRICK L. SLEDGE, | ) |
| Petitioner, | ) Case No. CV 15-120-CAS(AJW) |
| v. | ) |
| E.M. SPEARMAN, Warden, | ) MEMORANDUM AND ORDER |
| Respondent. | ) DISMISSING PETITION |

This is petitioner's fourth petition for a writ of habeas corpus filed in this Court. The first petition, Case No. SACV 03-1190-CAS(AJW), challenged petitioner's 1999 conviction of making, possessing or uttering a fictitious instrument, forging a check, and commercial burglary. The petition was denied on the merits on January 26, 2007, and the Ninth Circuit affirmed the judgment on February 18, 2010.

The second petition, Case No. CV 10-2081-CAS(AJW), challenged petitioner's 1980 juvenile adjudication, which was later used to enhance the sentence imposed in 1999. On December 14, 2010, that petition was dismissed on the ground that petitioner was no longer in custody as a result of the 1980 adjudication and because the petition

was untimely.[1] Both this Court and the Ninth Circuit denied petitioner's request for a certificate of appealability.

The third petition challenged petitioner's 1999 sentence on the ground that it was improperly enhanced based on the 1980 juvenile adjudication and on a 1985 felony conviction. Case No. SACV 11-246-CAS(AJW). The petition was dismissed as successive on June 16, 2011. Both this Court and the Ninth Circuit denied petitioner's request for a certificate of appealability.

In the present petition, petitioner again challenges his 1980 juvenile adjudication. In particular, petitioner alleges that he is actually innocent of the charge and that he is entitled to have the adjudication expunged under California law.

A federal court must dismiss a successive petition raising the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §

---

[1] The Court also explained that petitioner may not challenge the validity of his current incarceration by collaterally attacking his prior conviction. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-404 (2001) ("[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.... If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").

2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a successive petition may proceed. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over this successive petition. Burton v. Stewart, 549 U.S. 147, 152-153, 157 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this Court lacks jurisdiction to consider it. Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

**It is so ordered.**

Dated: 1/22/15

Christina A. Snyder
United States District Judge

3

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| **DERRICK L. SLEDGE,** | ) | |
| Petitioner, | ) | Case No. CV 15-120-CAS(AJW) |
| **vs.** | ) | |
| **E.M. SPEARMAN, Warden,** | ) | JUDGMENT |
| Respondent. | ) | |

**It is hereby adjudged** that the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.

Dated: _____

_____
Christina A. Snyder
United States District Judge