O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **DERRICK L. SLEDGE,** | ) |
| Petitioner, | ) Case No. CV 15-120-CAS(AJW) |
| v. | ) |
| **E.M. SPEARMAN,** | ) ORDER DENYING MOTION FOR<br>) MOTION FOR RECONSIDERATION |
| Respondent. | ) |

On January 22, 2015, judgment was entered dismissing this petition for lack of jurisdiction. On March 25, 2015, petitioner filed a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Although it is not entirely clear, apparently petitioner contends that the Court misconstrued his petition as challenging his 1980 juvenile adjudication. [See Motion at 1-4].

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from judgment based upon mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, or if a judgment is void.  In

addition, relief may be warranted where "extraordinary circumstances" exist justifying relief from judgment. See Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989) (quoting United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir. 1982)).

Contrary to petitioner's suggestion – and as explained in the memorandum and order dismissing the petition – the petition expressly stated that it challenged petitioner's 1980 juvenile adjudication. [See Petition at 2, 7-11]. Therefore, there was no mistake in the judgment dismissing it as successive.

To the extent that petitioner wishes to challenge some other conviction, juvenile adjudication, or subsequent state action that affects the fact or duration of his incarceration, he may do so in a separate petition for a writ of habeas corpus. For example, petitioner makes cursory reference to Proposition 36.[1] [Motion at 3]. A claim based upon the state court's failure to apply Proposition 36 would not be precluded as successive. See, e.g., Magwood v. Patterson, 561 U.S. 320, 341-342 (2010) (holding that the rules prohibiting successive petitions do not apply to a petition challenging for the first time a new judgment imposed after re-sentencing); Hill v. State of Alaska, 297 F.3d 895, 897–899 (9th Cir. 2002) (finding that a habeas corpus petition challenging the calculation of the petitioner's release date under the state's parole statute was not a successive petition despite petitioner's earlier petitions challenging his underlying conviction).

---

[1] Proposition 36 provides a means whereby prisoners currently serving indeterminate life sentences "for a third felony conviction which was not a serious or violent felony may seek court review" of their sentences and, "under certain circumstances, obtain resentencing as if they had only one prior serious or violent felony conviction." See People v. Superior Court (Kaulick), 215 Cal.App.4th 1279, 1292 (2013).

As pleaded, however, the petition does not purport to raise such a claim.

For the foregoing reasons, petitioner's motion is **denied.**

**It is so ordered.**

Dated: April 13, 2015

*Christina A. Snyder*
_____
Christina A. Snyder
United States District Judge

3